UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
ERIC DAVIDSON,                                              :
                              Petitioner, :
:    15 Civ. 9840 (LGS) (JLC)
         -against-                                        :
:    **ORDER AND OPINION**
MICHAEL CAPRA,                                              :
                            Respondent. :
:
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2016

LORNA G. SCHOFIELD, District Judge:

      Before the Court is pro se Petitioner Eric Davidson's Objection to Magistrate Judge James L. Cott's September 9, 2016, Order denying a stay of Petitioner's habeas proceeding to allow him to raise a claim of ineffective assistance of counsel in state court through a § 440.10 motion (the "Order"). Petitioner timely filed an objection on September 23, 2016 (the "Objection"). *See* Fed. R. Civ. P. 72(a). For the following reasons, the Objection is overruled.

## I.    BACKGROUND

      On August 1, 2012, Petitioner was convicted following a jury trial on two counts of burglary in the second degree and two counts of criminal possession of stolen property in the fifth degree. The trial court sentenced him to a term of imprisonment of 16 years to life. The conviction was affirmed on appeal. *People v. Davidson*, 995 N.Y.S.2d 64 (1st Dep't 2014), *leave denied*, 32 N.E.3d 969 (N.Y. 2015).

      On December 16, 2015, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2016, Petitioner filed an Amended Petition, which included a letter stating that he was "in the process of obtaining . . . transcript minutes" which would support a claim that his counsel was ineffective. However, the Amended Petition itself did not include such a claim and appeared identical to the original petition. The Court directed Petitioner to amend his

petition again to include "all of his claims" by July 15, 2016.

Petitioner filed a Second Amended Petition on July 12, 2016.  In the Second Amended Petition, Petitioner stated that he intended to file in state court "a motion concerning the DNA buccal swab" on the grounds that the prosecution's request for the swab was untimely under New York Criminal Procedure Law § 240.90, and that his counsel rendered ineffective assistance by "fail[ing] to object" to the prosecution's untimely request for the DNA evidence.  In a letter submitted with the Second Amended Petition, Petitioner took issue with the performance of his appellate counsel -- not his trial counsel, as the Second Amended Petition suggested -- and requested that the Court stay this proceeding so that he could file a *coram nobis* petition on the ground that his "appellate counsel failed to raise an ineffective assistance claim against [his] trial Attorney for failing to contest the prosecution's untimely motion for a DNA oral swab."

On July 13, 2016, this habeas petition was referred to Judge Cott.  Judge Cott construed the letter Petitioner submitted with the Second Amended Petition as a motion for a stay, which Judge Cott denied.  The Order pertains to the Second Amended Petition, which Petitioner correctly identifies as superseding the previously submitted petitions.

## II.     STANDARD

Rule 72(a) provides that district courts "must consider timely objections" to a magistrate judge's ruling on nondispositive matters and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *Soler v. United States*, No. 10 Civ. 4342, 2010 WL 5173858, at *2 (S.D.N.Y. Dec. 20, 2010).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "It is well-settled that a magistrate judge's

2

resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (internal quotation marks omitted).

### III.     DISCUSSION

The Order is not clearly erroneous or contrary to law and therefore is affirmed.

Judge Cott concluded that, regardless of Petitioner's diligence in pursuing the minutes, because they were not a necessary component of either a *coram nobis* petition or a § 440.10 motion, the delay resulting from obtaining them did not amount to good cause.  Judge Cott also found that Petitioner had not demonstrated good cause for failing to exhaust his claim of ineffective assistance of appellate counsel because Petitioner has known since the appellate brief was filed in December 2013 that his appellate counsel did not raise an ineffectiveness claim based on the DNA issue.  The Objection argues that Judge Cott erred in denying his motion to stay because "[w]ithout the minutes [Petitioner] would not be allowed to pursue the claims, and after a careful review of those minutes," he has determined that "the record needs to be expanded to explore the claims."

The standard for a stay for a mixed habeas petition -- a petition containing some claims that have been exhausted in the state courts and some that have not -- is set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).  Under *Rhines*, a stay is appropriate only if the district court determines that (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  All three requirements must be met in order for a petition to be stayed. *See Whitley v. Ercole*, 509 F. Supp. 2d 410, 416 (S.D.N.Y. 2007) (citing *Rhines*, 544 U.S. at 278).  Because Judge Cott concluded that the first requirement was not met, he did not reach the second two requirements.

The Supreme Court in *Rhines* did not define "good cause" and has not issued any guidance on the standard that should be used.  Some lower courts have analogized the "good cause" requirement to "the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults."  *Whitley*, 509 F. Supp. at 417; *see Ortiz v. Barkley*, 489 F. Supp. 2d 369, 371 (S.D.N.Y. 2007) (petitioner showed good cause for failing to exhaust his claim by explaining that he only recently learned his sentence included a period of post-release supervision).  However, a few months after *Rhines*, the Supreme Court decided *Pace v. DiGuglielmo*, 544  U.S. 408 (2005), and mentioned a potential ground for "good cause" under *Rhines* -- "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."  *Id.* at 416.  Some lower courts have relied on this dicta and adopted the more lenient standard of "reasonable confusion."  *See Whitley*, 509 F. Supp. 2d at 417-18 (collecting cases).

Petitioner's request for a stay does not show good cause under either the "procedural default" or "reasonable confusion" standard.  Petitioner's failure to exhaust appears primarily due to his pursuit of certain minutes, and not due to "some factor external to the petitioner" as would be required to show cause for a procedural default.  *See id.* at 417.  Even under the more lenient standard of "reasonable confusion," Petitioner cannot demonstrate good cause.  Petitioner argues that although he "kn[e]w of the ineffective assistance of trial counsel claim and the prosecution['s] untimely motion for a Buccal swab request" prior to the filing of his federal habeas petition, his request for a stay has "good cause" because he only recently obtained "the minutes relevant to the proceeding."  However, the minutes obtained by Petitioner are not necessary for either a *coram nobis* petition nor a § 440.10 motion, and do not amount to "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines*, 544 U.S. at 277; *see, e.g.*, *Taylor v. Poole*, No. 07 Civ. 6318, 2009 WL 2634724, at *30-31 (S.D.N.Y. Aug.

27, 2009) ("In light of the reasoning in *Rhines*, we cannot conclude that [petitioner] has demonstrated 'good cause' merely because he has harbored an incorrect belief that he was required to have transcript citations in his submission to the Appellate Division."). In the Objection, Petitioner mistakenly contends that "without the minutes I would not be allowed to pursue the claims," but "a lack of knowledge of legal procedures" about the law is not sufficient to show good cause. *Garcia v. Laclair*, No. 06 Civ. 10196, 2008 WL 801278, at *4 (S.D.N.Y. Mar. 24, 2008).

In the alternative, Petitioner asks to withdraw his petition without prejudice to refiling after his § 440.10 motion has been decided. This request is denied because withdrawal at this point would effectively bar any federal review of his claims. A federal habeas corpus petition brought by a petitioner in custody pursuant to a state court judgment is subject to a one-year statute of limitations. *Rhines*, 544 U.S. at 274 (citing 28 U.S.C. § 2244(d)). In Petitioner's case, the limitations period began running on July 7, 2015, when the time to file a petition for a writ of certiorari from the United States Supreme Court expired, thereby concluding the direct review of his conviction. *See* 28 U.S.C. § 2244(d)(1)(A). Because the one-year limitations period has run, Petitioner would not be able to re-file his petition if he withdrew it.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Objection to Judge Cott's September 9, 2016, Order is overruled, and his petition will proceed.

The Clerk of Court is respectfully directed to mail a copy of this Opinion to Petitioner Eric Davidson.

SO ORDERED.

Dated: October 25, 2016
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE